## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIRA NAGLE, et al.,                      :      NO. 24-cv-1808
                                         :
      Plaintiffs                   :
                                         : The Honorable Karoline Mehalchick
v.                                       :
                                         :
POTTSVILLE AREA SCHOOL                   :
DISTRICT, et al.,                        :
                                         :
      Defendants                   :

## **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

    Defendants Pottsville Area School District, Sarah Yoder, Kayla Peters, and Cynthia Stasulli, (hereinafter "PASD;" "Yoder" or "Defendant Yoder;" "Peters" or "Defendant Peters;" "Stasulli" or "Defendant Stasulli" and, collectively, "Defendants" or "PASD Defendants"), by and through their attorneys, King, Spry, Herman, Freund & Faul, LLC, file the within Answer with Affirmative Defenses to Plaintiffs' First Amended Complaint as follows:

## **INTRODUCTION**

    1.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One (1) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

1

2. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Two (2) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Two (2) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

3. Denied. It is admitted upon information and belief that the College Fair is an annual event. It is denied that the College Fair is hosted by the PASD Defendants. Strict proof thereof is demanded at time of trial.

4. Denied. It is admitted upon information and belief that Martz Hall was built in 1970, is located in the middle school, and serves as a gymnasium for PASD. The remaining factual averments are denied, as after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in this paragraph. Strict proof thereof is demanded at time of trial.

5. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Five (5) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining

2

allegations contained in Paragraph Five (5) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

6.      Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Six (6) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

7.      Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Seven (7) of Plaintiffs' First Amended Complaint.  It is specifically denied that Dr. Yoder and other school administrators aggressively confronted Plaintiffs or acted as otherwise described in Paragraph Seven (7) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

8.      Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Eight (8) of Plaintiffs' First Amended Complaint.   Strict proof thereof is demanded at time of trial.   The remaining allegations contained in Paragraph Eight (8) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

3

9.      Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Nine (9) of Plaintiffs' First Amended Complaint.   Strict proof thereof is demanded at time of trial.   The remaining allegations contained in Paragraph Nine (9) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

10.     Admitted in part; Denied in part.  It is admitted that Defendant Yoder permitted Plaintiffs to attend and participate in the College Fair.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Ten (10) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

11.     Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Eleven (11) of Plaintiffs' First Amended Complaint.   Strict proof thereof is demanded at time of trial.   The remaining allegations contained in Paragraph Eleven (11) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

12.     Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

4

factual averments set forth in Paragraph Twelve (12) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Twelve (12) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

13.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Thirteen (13) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Thirteen (13) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

14.    Denied. Paragraph Fourteen (14) of Plaintiffs' First Amended Complaint refers to a written document, which speaks for itself. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Fourteen (14) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Fourteen (14) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

15.    Denied. Paragraph Fifteen (15) of Plaintiffs' First Amended Complaint refers to a written document, which speaks for itself. By way of further response,

after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Fifteen (15) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Fifteen (15) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

16.     Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Sixteen (16) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Sixteen (16) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

17.     Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Seventeen (17) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Seventeen (17) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

18.     Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

978101984.1

factual averments set forth in Paragraph Eighteen (18) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Eighteen (18) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

19.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Nineteen (19) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining allegations contained in Paragraph Nineteen (19) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

## **PARTIES**

20.    Admitted upon information and belief.

21.    Admitted in part; denied in part. It is admitted that Gillingham currently operates a charter school. The remaining allegation is denied as a legal conclusion to which no response is required.

22.    Admitted upon information and belief.

23.    Admitted upon information and belief.

24.    Admitted upon information and belief.

25.    Admitted upon information and belief.

26.    Admitted upon information and belief.

7

27.    Admitted upon information and belief.

28.    Admitted upon information and belief.

29.    Admitted upon information and belief.

30.    Admitted upon information and belief.

31.    Admitted upon information and belief.

32.    Admitted upon information and belief.

33.    Admitted upon information and belief.

34.    Admitted upon information and belief.

35.    Admitted upon information and belief.

36.    Admitted upon information and belief.

37.    Admitted upon information and belief.

38.    Admitted upon information and belief.

39.    Admitted upon information and belief.

40.    Admitted upon information and belief.

41.    Admitted upon information and belief.

42.    Admitted upon information and belief.

43.    Admitted upon information and belief.

44.    Admitted upon information and belief.

45.    Admitted upon information and belief.

46.    Admitted upon information and belief.

978101984.1

47.    Admitted upon information and belief.

48.    Admitted upon information and belief.

49.    Admitted upon information and belief.

50.    Admitted upon information and belief.

51.    Admitted upon information and belief.

52.    Admitted upon information and belief.

53.    Admitted upon information and belief.

54.    Admitted upon information and belief.

55.    Admitted upon information and belief.

56.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Fifty-Six (56) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

57.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Fifty-Seven (57) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

58.    Admitted upon information and belief.

59.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

9

factual averments set forth in Paragraph Fifty-Nine (59) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining averments contained in Paragraph Fifty-Nine (59) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

60.    Admitted in part; Denied in part. It is admitted only that Defendant Yoder served as the Superintendent of PASD at the time of the College Fair. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Sixty (60) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining averment contained in Paragraph Sixty (60) is denied as a legal conclusion to which no response is required.

61.    Admitted in part; Denied in part. It is admitted only that Defendant Peters was employed as a School Guidance Counselor at PASD at the time of the College Fair. The remaining averments contained in Paragraph Sixty-One (61) are denied as legal conclusions to which no response is required.

62.    Admitted in part; Denied in part. It is admitted only that Defendant Stasulli was employed as a School Guidance Counselor at PASD at the time of the College Fair. The remaining averments contained in Paragraph Sixty-Two (62) are denied as legal conclusions to which no response is required.

63.    Admitted upon information and belief.

64.    Denied as a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

65.    Denied as a legal conclusion to which no response is required.

66.    Denied as a legal conclusion to which no response is required.

67.    Denied as a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

**A.    Plaintiffs are invited to the 13th Annual Schuylkill County Regional College Fair.**

68.    Admitted in part; Denied in part.  It is admitted upon information and belief that the College Fair is an annual event.  It is denied that the College Fair is hosted by PASD.  It is further denied that Martz Hall is a public gymnasium.  It is denied that Martz Hall is located at the address listed in Paragraph Sixty-Eight (68) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

69.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Sixty-Nine (69) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

70.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

factual averments set forth in Paragraph Seventy (70) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

71.    Denied. Paragraph Seventy-One (71) refers to a written document, which speaks for itself.  Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.  By way of further response, Defendants deny that the email was intended for or properly sent to Gillingham Charter School (hereinafter "Gillingham"). The Gillingham administrators received their invitation from Tracey Picht, an employee of the Schuylkill Technology Center ("STC"), which is governed by the Intermediate Unit – 29 ("IU").  Tracey Picht is not an employee of PASD.

72.    Denied. Paragraph Seventy-Two (72) refers to a written document, which speaks for itself.  Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial. By way of further response, Defendants specifically deny that the email was intended for or properly sent to Gillingham Charter School. The Gillingham administrators received their invitation from Tracey Picht, an employee of the IU, not the PASD.

73.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Seventy-Three (73) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial. By way of

further response, the STC administrators received their invitation from Tracey Picht, an employee of the IU, not the PASD.  The remaining averments are denied as legal conclusions to which no response is required.

74.    Denied. Paragraph Seventy-Four (74) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.  By way of further response, the STC is governed and run by the IU.

75.    Denied. Paragraph Seventy-Five (75) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

76.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Seventy-Six (76) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.  By way of further response, Gillingham may purchase services from the IU, but it is not a statutory member of the IU.  *See* 24 P.S. § 9-910-A(a).  The remaining averments contained in Paragraph Seventy-Six (76) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

77.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

13

factual averments set forth in Paragraph Seventy-Seven (77) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining averments are denied as legal conclusions to which no response is required.

78.    Denied. Paragraph Seventy-Eight (78) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

79.    Denied. Paragraph Seventy-Nine (79) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

80.    Denied. Paragraph Eighty (80) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Eighty (80) of Plaintiffs' First Amended Complaint.

81.    Denied. Paragraph Eighty-One (81) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

14

82.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Eighty-Two (82) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

83.    Denied. Paragraph Eighty-Three (83) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

84.    Denied. Paragraph Eighty-Four (84) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial. By way of further response, Defendants deny that submission of the form by Gillingham created any obligation for PASD to allow attendance or that Gillingham had a legal right to attend the College Fair. Strict proof thereof is demanded at time of trial.

**B.    After RSVPing, Plaintiffs are suddenly and unexpectedly disinvited from attending the 13th Annual Schuylkill County Regional College Fair.**

85.    Denied. Paragraph Eighty-Five (85) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial. By way of further response, Defendants deny that this submission constituted approval or acceptance of attendance and deny that Gillingham students had a legal right to attend the College Fair.  Strict proof thereof is demanded at time of trial.

15

978101984.1

86.     Denied. Paragraph Eighty-Six (86) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

87.     Denied. Paragraph Eighty-Seven (87) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

88.     Denied. Paragraph Eighty-Eight (88) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

89.     Denied. Paragraph Eighty-Nine (89) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

90.     Denied. Paragraph Ninety (90) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

91.     Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Ninety-One (91) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

92.    Denied. Paragraph Ninety-Two (92) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

93.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Ninety-Three (93) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

94.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Ninety-Four (94) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.  The remaining averments contained in Paragraph Ninety-Four (94) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.  By way of further response, Gillingham may purchase services from the IU, but it is not a statutory member of the IU.  *See* 24 P.S. § 9-910-A(a).

95.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph Ninety-Five (95) of Plaintiffs' First Amended Complaint.  By way of further response, Plaintiffs fail to attach these

alleged invitations to their Complaint.  Strict proof thereof is demanded at time of trial.

96.    Denied. Paragraph Ninety-Six (96) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.  By way of further response, the document contained at Exhibit N does not say what it is purported to say in Paragraph Ninety-Six (96) of Plaintiffs' First Amended Complaint.

97.    Denied. Paragraph Ninety-Seven (97) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

98.    Denied. Paragraph Ninety-Eight (98) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

99.    Denied. Paragraph Ninety-Nine (99) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

100.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred (100) of Plaintiffs' First

Amended Complaint.  By way of further response, despite their beliefs to the contrary, the Plaintiffs did not have a legal right to attend the College Fair.  Strict proof thereof is demanded at time of trial.

101.  Denied.  Paragraph One-Hundred-One (101) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

102.  Denied.  Paragraph One-Hundred-Two (102) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

103.  Denied.  Paragraph One-Hundred-Three (103) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

104.  Denied.  Paragraph One-Hundred-Four (104) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

978101984.1

105. Denied. Paragraph One-Hundred-Five (105) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

106. Denied. Paragraph One-Hundred-Six (106) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

107. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Seven (107) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

**C.    Plaintiffs are blocked from attending the 13th Annual Schuylkill County Regional College Fair and publicly humiliated by PASD Defendants.**

108. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Eight (108) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

109. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

factual averments set forth in Paragraph One-Hundred-Nine (109) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

110.   Denied.   After   reasonable   investigation,   Defendants   are   without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Ten (110) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

111.   Denied.   After   reasonable   investigation,   Defendants   are   without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Eleven (111) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

112.   Denied.   After   reasonable   investigation,   Defendants   are   without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twelve (112) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

113.   Denied.   After   reasonable   investigation,   Defendants   are   without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Thirteen (113) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

114.   Denied.   After   reasonable   investigation,   Defendants   are   without knowledge or information sufficient to form a belief as to the truth or falsity of the

21

factual averments set forth in Paragraph One-Hundred-Fourteen (114) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder touched Plaintiff Martin. Strict proof thereof is demanded at time of trial.

115. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Fifteen (115) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder stormed towards Plaintiff C.H., grabbed his arm, forced his arm down, and attempted to seize his phone. Strict proof thereof is demanded at time of trial.

116. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Sixteen (116) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder attempted to physically remove Plaintiffs from the gymnasium floor of Martz Hall. Strict proof thereof is demanded at time of trial.

117. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Seventeen (117) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. By way of further response, Defendants lack sufficient knowledge to admit or deny Plaintiff

22

C.H.'s physical or emotional reactions. Defendants deny that any conduct by Defendant Yoder caused such alleged reactions.

118.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Eighteen (118) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. By way of further response, Defendants lack sufficient knowledge to admit or deny Plaintiff C.H.'s reported symptoms. Defendants deny that any actions by Defendants caused or contributed to such symptoms.

119.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Nineteen (119) of Plaintiffs' First Amended Complaint. By way of further response, Defendants lack sufficient knowledge to admit or deny Plaintiff Nagle's reported symptoms. Defendants deny that any actions by Defendants caused or contributed to such symptoms. Strict proof thereof is demanded at time of trial.

120.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty (120) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder engaged

physically with any of Plaintiffs named in Paragraph One-Hundred-Twenty (120) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

121. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-One (121) of Plaintiffs' First Amended Complaint. By way of further response, it is specifically denied that Defendant Yoder pushed Plaintiff S.K. as described in Paragraph One-Hundred-Twenty-One (121) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

122. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-Two (122) of Plaintiffs' First Amended Complaint. By way of further response, it is specifically denied that Defendant Yoder restrained or continued to restrain Plaintiff S.K. as described in Paragraph One-Hundred-Twenty-Two (122) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

123. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-Three (123) of

Plaintiffs' First Amended Complaint. By way of further response, it is specifically denied that Defendant Yoder placed her hands on the shoulders of or bumped the Plaintiff named in Paragraph One-Hundred-Twenty-Three (123) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

124. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-Four (124) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining averments contained in Paragraph One-Hundred-Twenty-Four (124) of Plaintiffs' First Amended Complaint are denied as legal conclusions to which no response is required.

125. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-Five (125) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

126. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-Six (126) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of

trial. By way of further response, Defendants lack sufficient knowledge to admit or deny Plaintiff C.H.'s emotional or physical state as described. Defendants deny that any conduct by Defendants caused or contributed to C.H.'s described state.

127.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-Seven (127) of Plaintiffs' First Amended Complaint.  It is specifically denied that Defendant Yoder attempted to impede and block the students from speaking or interacting with the college/university representatives.  Strict proof thereof is demanded at time of trial.

128.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Twenty-Eight (128) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

129.    Denied.  Paragraph One-Hundred-Twenty-Nine (129) of Plaintiffs' First Amended Complaint refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

130.    Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

factual averments set forth in Paragraph One-Hundred-Thirty (130) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

131. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Thirty-One (131) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

132. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Thirty-Two (132) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

133. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Thirty-Three (133) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

134. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Thirty-Four (134) of

978101984.1

Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

135.   Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Thirty-Five (135) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

**D. The PASD Defendants call the police on Plaintiffs.**

136.   Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Thirty-Six (136) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

137.    Admitted in part; Denied in part.  It is admitted that the Plaintiffs were allowed to remain at and participate in the College Fair.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Thirty-Seven (137) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

138.    Admitted in part; Denied in part.  It is admitted that the Plaintiffs were allowed to participate in the College Fair.   After reasonable investigation,

Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Thirty-Eight (138) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

139.    Admitted in part; Denied in part. It is admitted that the Plaintiffs were allowed to participate in the College Fair for an amount of time agreed upon by Gillingham representatives. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Thirty-Nine (139) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

140.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Forty (140) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

141.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Forty-One (141)

of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

142.  Denied.  Paragraph One-Hundred-Forty-Two (142) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

**E.    The PASD Defendants continue to try to silence and oppress Plaintiffs even after the 13th Annual Schuylkill County Regional College Fair ended.**

143.  Denied.  Paragraph One -Hundred-Forty-Three (143) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

144.  Denied.  Paragraph One -Hundred-Forty-Four (144) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

145.  Denied.  Paragraph One -Hundred-Forty-Five (145) refers to a written document, which speaks for itself. Should the allegations be deemed to require a response, the same are therefore denied with strict proof thereof demanded at time of trial.

## COUNT I
## 42 U.S.C. § 1983 – First Amendment Violation (Free Speech)
### (All Plaintiffs v. All Defendants)

146.   Paragraph One-Hundred-Forty-Six (146) of Plaintiffs' First Amended Complaint is an incorporation paragraph to which no response is required.

147.   Denied as a legal conclusion to which no response is required.  By way of further response, it is specifically denied that Plaintiffs had a legal right to be at the College Fair.  It is therefore denied that Plaintiffs' conduct was constitutionally protected.

148.   Denied as a legal conclusion to which no response is required.  If a response is required, the averment is denied.  Defendants maintain that the College Fair was a nonpublic forum.  The College Fair was an invitation-only event, and the Plaintiffs were not invited.  The remaining factual averments are denied as stated.  Strict proof thereof is demanded at time of trial.

149.   Denied as a legal conclusion to which no response is required.  If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum.  The College Fair was an invitation-only event, and the Plaintiffs were not invited.  By way of further response, Defendants specifically deny discriminating against Plaintiffs' free speech rights.  A trespasser or uninvited guest

31

may not exercise general rights of free speech.[1]  <u>Lloyd Corp. v. Tanner</u>, 407 U.S. 551

(1972).  The remaining factual averments are denied as stated.  Strict proof thereof

is demanded at time of trial.

150.  Denied as a legal conclusion to which no response is required.  After

reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining factual averments

set forth in Paragraph One-Hundred-Fifty (150) of Plaintiffs' First Amended

Complaint.  Strict proof thereof is demanded at time of trial.

151.  Denied as a legal conclusion to which no response is required.  After

reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining factual averments

set forth in Paragraph One-Hundred-Fifty-One (151) of Plaintiffs' First Amended

Complaint.  Strict proof thereof is demanded at time of trial.

152.  Denied as a legal conclusion to which no response is required.  After

reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining factual averments

---

[1] "[The United States Supreme Court] has never held that a trespasser or an uninvited guest may exercise general rights of free speech on property privately owned and used nondiscriminatorily for private purpose only.  Even where public property is involved, the Court has recognized that it is not necessarily available for speaking, picketing, or other communicative activities."  Further, in <u>Adderley v. Florida</u>, Justic Black said, "The State, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated." <u>Adderley v. Florida</u>, 385 U.S. 39 (1966).

set forth in Paragraph One-Hundred-Fifty-Two (152) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

153. Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Fifty-Three (153) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully demand judgment in their favor and against Plaintiffs together with fees and the costs of these proceedings.

## COUNT II
## 42 U.S.C. § 1983 – First Amendment Violation (Assembly)
### (All Plaintiffs v. All Defendants)

154. Paragraph One-Hundred-Fifty-Four (154) of Plaintiffs' First Amended Complaint is an incorporation paragraph to which no response is required.

155. Denied as a legal conclusion to which no response is required. If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum. The College Fair was an invitation-only event, and the Plaintiffs were not invited. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Fifty-Five (155)

33

of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

156.   Denied as a legal conclusion to which no response is required. If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum. The College Fair was an invitation-only event, and the Plaintiffs were not invited. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Fifty-Six (156) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

157.   Denied as a legal conclusion to which no response is required. If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum. The College Fair was an invitation-only event, and the Plaintiffs were not invited. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Fifty-Seven (157) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

158.   Denied as a legal conclusion to which no response is required. If a response is required, the averment is denied, as Defendants maintain that the College

Fair was a nonpublic forum. The College Fair was an invitation-only event, and the Plaintiffs were not invited. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Fifty-Eight (158) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

159.   Denied as a legal conclusion to which no response is required. If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum. The College Fair was an invitation-only event, and the Plaintiffs were not invited. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Fifty-Nine (159) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

160.   Denied as a legal conclusion to which no response is required. If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum. The College Fair was an invitation-only event, and the Plaintiffs were not invited. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Sixty (160) of

Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

161.   Denied as a legal conclusion to which no response is required.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Sixty-One (161) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully demand judgment in their favor and against Plaintiffs together with fees and the costs of these proceedings.

## COUNT III
## 42 U.S.C. § 1983 – First Amendment Retaliation
### (All Plaintiffs v. All Defendants)

162.   Paragraph One-Hundred-Sixty-Two (162) of Plaintiffs' First Amended Complaint is an incorporation paragraph to which no response is required.

163.   Denied as a legal conclusion to which no response is required.  If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum.  The College Fair was an invitation-only event, and the Plaintiffs were not invited.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Sixty-Three (163)

36

of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

164.   Denied as a legal conclusion to which no response is required.  If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum.  The College Fair was an invitation-only event, and the Plaintiffs were not invited.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Sixty-Four (164) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

165.   Denied as a legal conclusion to which no response is required.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Sixty-Five (165) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

166.   Denied as a legal conclusion to which no response is required.  If a response is required, the averment is denied, as Defendants maintain that the College Fair was a nonpublic forum.  The College Fair was an invitation-only event, and the Plaintiffs were not invited.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining factual averments set forth in Paragraph One-Hundred-Sixty-Six (166) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

167.   Denied as a legal conclusion to which no response is required.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Sixty-Seven (167) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully demand judgment in their favor and against Plaintiffs together with fees and the costs of these proceedings.

## COUNT IV
## 42 U.S.C. § 1983 – Fourth Amendment Violation
### (All Plaintiffs v. All Defendants)

168.   Paragraph One-Hundred-Sixty-Eight (168) of Plaintiffs' First Amended Complaint is an incorporation paragraph to which no response is required.

169.   Denied as legal conclusion to which no response is required.

170.   Denied as a legal conclusion to which no response is required.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Seventy (170) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

38

171.    Denied as a legal conclusion to which no response is required.  If a response is required, it is specifically denied that a seizure took place.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Seventy-One (171) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

172.    Denied as a legal conclusion to which no response is required.  If a response is required, it is specifically denied that a seizure took place.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Seventy-Two (172) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

173.    Denied as a legal conclusion to which no response is required.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Seventy-Three (173) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully demand judgment in their favor and against Plaintiffs together with fees and the costs of these proceedings.

### COUNT V
### 42 U.S.C. § 1983 – Equal Protection Violation

**(All Plaintiffs v. All Defendants)**

174.    Paragraph One-Hundred-Seventy-Four (174) of Plaintiffs' First Amended Complaint is an incorporation paragraph to which no response is required.

175.    Denied as a legal conclusion to which no response is required.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Seventy-Five (175) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

176.  Denied as stated.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Seventy-Six (176) of Plaintiffs' First Amended Complaint.   By way of further response, Defendants specifically deny any animus and discrimination against Plaintiffs. Strict proof thereof is demanded at time of trial.

177.    (a – f) Denied as legal conclusions to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Seventy-Seven (a – f) (177) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

178.    Denied as a legal conclusion to which no response is required.  By way

40

of further response, Plaintiffs were not invited to the College Fair for legitimate and non- discriminatory reasons.  Strict proof thereof is demanded at time of trial.

179.    Denied as a legal conclusion to which no response is required.  By way of further response, Gillingham may purchase services from the IU, but it is not a statutory member of the IU.  *See* 24 P.S. § 9-910-A(a).  Further, Gillingham is not a public school district as defined by the School Code and does not enjoy the same relationship with the IU as a public school district would.[2]  Plaintiffs were not invited to the College Fair for legitimate and non-discriminatory reasons.  The remaining factual averments are denied as stated.  Strict proof thereof is demanded at time of trial.

180.    Denied as a legal conclusion to which no response is required. By way of further response, Plaintiffs were not invited to the College Fair for legitimate and non-discriminatory reasons.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Eighty (180) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

---

[2] Pursuant to the Pennsylvania School Code, 24 P.S. § 9-901-A, "[e]ach school district of the Commonwealth shall be assigned to an intermediate unit, and shall be entitled to the services of an intermediate unit in accordance with a program of services adopted by the intermediate unit of directors."

978101984.1

181.    Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Eighty-One (181) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully demand judgment in their favor and against Plaintiffs together with fees and the costs of these proceedings.

## COUNT VI
## 42 U.S.C. § 1983 – Excessive Force Resulting in Substantive Due Process Violation
### (Plaintiffs Nagle, Ulrich, Martin, B.B., K.B., M.B., S.C., C.H., S.K., J.K., S.M., and K.R. v. Defendant Yoder

182.    Paragraph One-Hundred-Eighty-Two (182) of Plaintiffs' First Amended Complaint is an incorporation paragraph to which no response is required.

183.    Denied as a legal conclusion to which no response is required.

184.    Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Eighty-Four (184) of Plaintiffs' First Amended Complaint.  It is specifically denied that Defendant Yoder physically assaulted C.H. Strict proof thereof is demanded at time of trial.

978101984.1

185. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Eighty-Five (185) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder attempted to physically remove C.H. from the gymnasium floor. Strict proof thereof is demanded at time of trial.

186. Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Eighty-Six (186) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder pushed, grabbed the shoulders of or forcefully restrained C.H. Strict proof thereof is demanded at time of trial.

187. Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Eighty-Seven (187) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder restrained or continued to restrain C.H. Strict proof thereof is demanded at time of trial.

188.   Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Eighty-Eight (188) of Plaintiffs' First Amended Complaint.  It is specifically denied that Defendant Yoder placed her hands on the shoulders of K.B., moved K.B. aside or bumped K.B.'s shoulder.   Strict proof thereof is demanded at time of trial.

189.   Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Eighty-Nine (189) of Plaintiffs' First Amended Complaint.   It is specifically denied that Defendant Yoder physically touched, moved and/or apprehended any of the Plaintiffs named in Paragraph One-Hundred-Eighty-Nine (189).  Strict proof thereof is demanded at time of trial.

190.   Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Ninety (190) of Plaintiffs' First Amended Complaint.  It is specifically denied that Defendant Yoder committed an assault or battery on any of the Plaintiffs named in Paragraph One-Hundred-Eighty-Nine (190)

44

of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

191. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Ninety-One (191) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. By way of further response, Defendants lack sufficient knowledge to admit or deny Plaintiff C.H.'s reported symptoms. Defendants deny that any actions by Defendants caused or contributed to such symptoms.

192. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Ninety-Two (192) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. By way of further response, Defendants lack sufficient knowledge to admit or deny Plaintiff C.H.'s reported symptoms. Defendants deny that any actions by Defendants caused or contributed to such symptoms. By way of further response, Paragraph One-Hundred-Ninety-Two (192) directly contradicts Plaintiffs' assertion that none of the Plaintiffs were able to engage with any of the college representatives.

193. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the

factual averments set forth in Paragraph One-Hundred-Ninety-Three (193) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. By way of further response, Defendants lack sufficient knowledge to admit or deny Plaintiff Nagle's reported symptoms. Defendants deny that any actions by Defendants caused or contributed to such symptoms. By way of further response, Paragraph One-Hundred-Ninety-Three (193) directly contradicts Plaintiffs' assertion that none of the Plaintiffs were able to engage with any of the college representatives.

194. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Ninety-Four (194) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

195. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Ninety-Five (195) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

196. Denied as a legal conclusion to which no response is required. After reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the factual averments set forth in Paragraph One-Hundred-Ninety-Six (196) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder engaged physically with any of Plaintiffs named in Paragraph One-Hundred-Ninety-Six (196) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

197. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Ninety-Seven (197) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder engaged physically with any of Plaintiffs named in Paragraph One-Hundred-Ninety-Seven (197) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial. The remaining averments are denied as legal conclusions to which no response is required.

198. Denied as legal conclusions to which no response is required. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph One-Hundred-Ninety-Eight (198) of Plaintiffs' First Amended Complaint. It is specifically denied that Defendant Yoder engaged physically with any of Plaintiffs named in Paragraph One-

47

Hundred-Ninety-Eight (198) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully demand judgment in their favor and against Plaintiffs together with fees and the costs of these proceedings.

## COUNT VII
## Violation of the Equal Protection Clause of the Pennsylvania Constitution
### (All Plaintiffs v. All Defendants)

199. Paragraph One-Hundred-Ninety-Nine (199) of Plaintiffs' First Amended Complaint is an incorporation paragraph to which no response is required.

200. Denied as a legal conclusion to which no response is required.

201. Denied as a legal conclusion to which no response is required.

202. Denied as a legal conclusion to which no response is required.

203. Denied as legal conclusions to which no response is required. Plaintiffs were not invited to the College Fair for legitimate and non-discriminatory reasons. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Two-Hundred-Three (203) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.

204. Denied as legal conclusions to which no response is required. After reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Two-Hundred-Four (204) of Plaintiffs' First Amended Complaint.  By way of further response, Defendants specifically deny any animus and discrimination against Plaintiffs.  Strict proof thereof is demanded at time of trial.

205.   (a – f) Denied as a legal conclusions to which no response is required. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Two-Hundred-Five (205) of Plaintiffs' First Amended Complaint.  Strict proof thereof is demanded at time of trial.

206.   Denied as a legal conclusion to which no response is required. Plaintiffs were not invited to the College Fair for legitimate and non-discriminatory reasons.  By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining factual averments set forth in Paragraph Two-Hundred-Six (206) of Plaintiffs' First Amended Complaint. Strict proof thereof is demanded at time of trial.   Defendants deny the conduct alleged within Plaintiffs' First Amended Complaint.

207.   Denied as a legal conclusion to which no response is required.  By way

of further response, Defendants deny the conduct alleged within Plaintiffs' First Amended Complaint and deny any causal connection to injuries alleged hereto.

WHEREFORE, Defendants respectfully demand judgment in their favor and against Plaintiffs together with fees and the costs of these proceedings.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants acted in good faith and within the scope of their official duties. To the extent any constitutional rights were allegedly violated, such rights were not clearly established at the time of the alleged conduct, and individual Defendants are entitled to qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by governmental immunity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to protection from tort-based claims pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert claims for injunctive or declaratory relief, where no ongoing harm or threat of future injury exists.

978101984.1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs were not invited to the College Fair and had no legal right to attend.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, if any, are de minimis and do not rise to the level of a constitutional violation.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent any harm was suffered, it was caused in whole or in part by Plaintiffs' own actions or conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs were not similarly situated to other attendees, and any differential treatment was based on legitimate distinctions and not discriminatory intent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim entitling them to legal or equitable relief.

## ELEVENTH AFFIRMATIVE DEFENSE

The College Fair does not constitute a designated public forum.

## TWELFTH AFFIRMATIVE DEFENSE

The College Fair was a non-public forum.

## THIRTEENTH AFFIRMATIVE DEFENSE

The College Fair was a limited forum restricted to those who were invited.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Equal Protection claim is barred because charter school students do not constitute a protected class.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Equal Protection claim is barred because their exclusion from the college fair has actual basis in that charter schools are not members of the intermediate unit.

**WHEREFORE,** the Defendants respectfully request that this Court dismiss Plaintiffs' First Amended Complaint with prejudice.

KING, SPRY, HERMAN, FREUND & FAUL

Date: October 10, 2025          By: */s/John E. Freund, III, Esquire*
                                John E. Freund, III, Esq.
                                jef@kingspry.com
                                I.D. No. 25390
                                Sarah Modrick, Esq.
                                smodrick@kingspry.com
                                I.D. No. 312348
                                One West Broad Street
                                Suite 700
                                Bethlehem, PA 18018
                                610.332.0390
                                Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIRA NAGLE, et al.,                  :          NO. 24-cv-1808
                                     :
       Plaintiffs           :
                                     :
v.                                   :
                                     :
POTTSVILLE AREA SCHOOL               :
DISTRICT, et al.,                    :
                                     :
       Defendants           :

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for Defendants hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically upon the following counsel of record on this day, October 10, 2025:

Mark E. Seiberling, Esq.
Miranda Dang, Esq.
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
mseiberling@kleinbard.com
mdang@kleinbard.com

KING, SPRY, HERMAN, FREUND & FAUL


Date: October 10, 2025          By: */s/John E. Freund, III, Esquire*
                                    John E. Freund, III, Esq.
                                    jef@kingspry.com
                                    I.D. No. 25390
                                    Sarah Modrick, Esq.
                                    smodrick@kingspry.com
                                    I.D. No. 312348
                                    One West Broad Street
                                    Suite 700
                                    Bethlehem, PA 18018
                                    610.332.0390
                                    Attorney for Defendants

54