**KLEINBARD LLC**
Mark E. Seiberling, Esq.
I.D. No. 91256
Maranda L. Dang, Esq.
I.D. No. 330908
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Phone: (215) 496-7222
Email: mseiberling@kleinbard.com
           mdang@kleinbard.com

*Attorneys for Plaintiffs*

**KING, SPRY, HERMAN, FREUND & FAUL**
John E. Freund, III, Esq.
I.D. No. 25390
Sarah Modrick, Esq.
I.D. No. 312348
One West Broad Street
Bethlehem, PA 18018
Phone: (610) 332-0390
Email: jef@kingspry.com
           smodrick@kingspry.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIRA NAGLE, et al., | : | NO. 24-cv-1808 |
| Plaintiffs | : | |
| | : | The Honorable Karoline Mehalchick |
| v. | : | |
| POTTSVILLE AREA SCHOOL DISTRICT, et al., | : | |
| Defendants | : | |

**JOINT CASE MANAGEMENT PLAN**

1. **Principal Issues**
    1.1. Statements summarizing this case:
        **Plaintiffs**: This case stems from Defendants' unlawful conduct related to the 13th Annual Schuylkill County Regional College Fair (the "College Fair"). First, Defendants disinvited Plaintiffs—without justification—from attending the College Fair after initially extending them an invitation as Schuylkill County high school students. When Plaintiffs showed up to the College Fair, their First Amendment rights were unlawfully infringed and they were subjected to unnecessary force, verbal intimidation, and public humiliation at the hands of the PASD Defendants simply for attending.

**Defendants**: An invitation was mistakenly sent to Gillingham Charter School to attend the 13th Annual Schuylkill County Regional College Fair. Historically, charter schools were not part of this annual event. Upon realizing the mistake, representatives from the Pottsville School District notified representatives from Gillingham Charter School that they were not invited, which was consistent with the previous college fairs. Gillingham representatives confirmed receipt of this communication. Despite not having been invited to the college fair and having no legal right to attend the College Fair, Gillingham representatives and students showed up with the intent of disrupting the fair by their presence. They ignored the sign on the door directing that a telephone number be called for entry and instead took advantage of the door being opened for an invited group. When Gillingham representatives were reminded that they were not invited, Plaintiff Diedra Herbert read a prepared statement written by counsel. For the duration of their time at the College Fair, Plaintiffs filmed on their cell phones. The Plaintiffs and Defendants came to an agreement that the Gillingham students could attend the College Fair, which they did. Plaintiffs allege that their rights were violated, that they were physically touched and humiliated. Defendants deny those claims.

1.2. Facts:

The parties dispute the following facts:

- The parties currently dispute all relevant facts.

The parties agree upon the following facts:

- The parties currently dispute all relevant facts.

1.3. Legal issues:

The parties dispute the following legal issues:

- Whether Martz Hall/the College Fair is a designated/limited forum
- Plaintiffs were similarly situated to other student attendees of the College Fair
- Plaintiffs were discriminated against on the basis of their status as charter school students/employees

The parties agree upon the following legal issues:

- None

1.4. Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

- None

1.5. Identify any named parties that have not yet been served:

- None

1.6. Identify any additional parties that:

    Plaintiffs intend to join: None
    Defendants intend to join: None

1.7. Identify any additional claims that:

    Plaintiffs intend to add: None
    Defendants intend to add: None

2. **Disclosures**

    The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1. Separately for each party, list by name and title/position each person whose identity has been disclosed.

Plaintiffs:

a. Plaintiff Kira Nagle, Gillingham student
b. Plaintiff Sean Moore, Gillingham student
c. Plaintiff Logan Sabol, Gillingham student
d. Plaintiff Lydia Ulrich, Gillingham student
e. Plaintiff Athena Gerlek, Gillingham student
f. Plaintiff Elijah Fry, Gillingham student
g. Plaintiff C.H., a Minor, by Jeffrey Hill, Guardian, Gillingham student
h. Plaintiff B.B. a Minor, by Heather Beam and Eric Beam, Guardians, Gillingham student
i. Plaintiff K.B., a Minor, by Michelle Santonastaso, Guardian, Gillingham student

j. Plaintiff E.B., a Minor, by Eric Brown, Guardian, Gillingham student
k. Plaintiff M.B., a Minor, by Monica Stocker, Guardian, Gillingham student
l. Plaintiff B.C., a Minor, by Timothy Carden and Virginia Carden, Guardians, Gillingham student
m. Plaintiff S.C., a Minor, by Michael Corcoran, Guardian, Gillingham student
n. Plaintiff C.C., a Minor, by Lindsay Cohan, Guardian, Gillingham student
o. Plaintiff H.H., a Minor, by Michelle Ennis, Guardian, Gillingham student
p. Plaintiff S.K., a Minor, by Alicea Purcell-Anthony, Guardian, Gillingham student
q. Plaintiff J.K., a Minor, by Brenda Krasinsky, Guardian, Gillingham student
r. Plaintiff W.R., a Minor, by George Rondeau and Tracey Rondeau, Guardians, Gillingham student
s. Plaintiff K.R., a Minor, by John Ruchinski and Cindy Ruchinski, Guardians, Gillingham student
t. Plaintiff L.S., a Minor, by Shirley Shaffer, Guardian, Gillingham student
u. Plaintiff Deidra Herbert, English teacher at Gillingham
v. Plaintiff Leonard Martin, Athletic Director at Gillingham

Defendants

a. Pottsville Area School District ("PASD").
b. Dr. Sarah Yoder, previous Superintendent of PASD.
c. Cynthia Stasulli, school counselor at PASD.
d. Kayla (Peters) Dean, school counselor at PASD.

3. **Early Motions**

Identify any motion(s) whose early resolutions would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

Motion by Defendants to Amend Case Caption.

4. **Discovery**

4.1. Briefly describe any discovery that has been completed or is in progress:

By plaintiffs: Plaintiffs served their initial disclosures on Defendants.

By defendants: Initial disclosures, written discovery requests.

4.2. Describe any discovery that all parties agree should be conducted, indication for each discovery undertaking its purpose or what kinds of information will be developed through it:

4

    The parties agree that all Plaintiffs must be deposed to determine the damages of each Plaintiff.

    The parties agree that Defendants must be deposed to learn about the College Fair.

    The parties agree that written discovery, including exchanging documents regarding the College Fair is necessary.

4.3. Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it.

    It is not yet able to be determined whether any discovery will be objectionable.

4.4. Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

    None at this time.

4.5. For each of the following tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separate the limits recommended by Plaintiffs and by Defendants):

    4.5.1. Depositions (excluding experts) to be taken by:

        Plaintiffs: 10                      Defendants: 22

    4.5.2. Interrogatories to be served by:

        Plaintiffs: 25 for each Defendant    Defendants: 25 for each Plaintiff

    4.5.3. Document production requests to be served by:

        Plaintiffs: 25 for each Defendant    Defendants: 25 for each Plaintiff

    4.5.4. Requests for admission to be served by:

        Plaintiffs: 25 for each Defendant    Defendants: 25 for each Plaintiff

4.6. Discovery of Electronically Stored Information

[X] Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

[X] Counsel certify that they have conferred about these matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5. Protective Order

5.1. If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

N/A

5.2. If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, brief summarize each party's position below:

N/A

## 6. Scheduling

6.1. Final date for joining additional parties:

Plaintiffs: December 1, 2025
Defendants: December 1, 2025

6.2. Final date for amending pleadings:

Plaintiffs: December 1, 2025
Defendants: December 1, 2025

6.3. All fact discovery commenced in time to be completed by: December 1, 2026

6.4. All potentially dispositive motions should be filed by: February 1, 2027

6.5. Reports from retained experts due:

From Plaintiffs by: March 1, 2027
From Defendants by: April 1, 2027

6.6. Supplementations due: May 1, 2027

    6.7. All expert discovery commenced in time to be completed by: June 1, 2027

    6.8. This case may be appropriate for trial in approximately:

        1095 days from the filing of the action in this court.

    6.9. Suggested date for the final Pretrial Conference:

        August 2027

    6.10.    Trial

        6.10.1.    Suggested Date for Trial: September 2027

7. **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

    I hereby certify that the following individual(s) have settlement authority.

    Deidra Herbert
    English Teacher at Gillingham Charter School
    20 Cottage Hill W, Pottsville, PA 17901
    (240) 329-1717

    Dr. Guy Lowery
    Superintendent, Pottsville Area School District

    Pottsville Area School District Board of Directors

    Kristin McMahan
    Complex Liability Claims Specialist
    Utica National Insurance Group

8. **Alternative Dispute Resolution ("ADR")**

    8.1. Identify any ADP procedure to which this case already has been assigned or to which the parties have agreed to us.

        ADR procedure: N/A

        Date ADR to be commenced: N/A
        Date ADR to be completed: N/A

8.2. If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommended ADR and the specific ADR process recommended:

The parties have already participated in mediation through the Court's Mediation Program, which proved to be unsuccessful.

8.3. If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

The parties have already participated in mediation through the Court's Mediation Program, which proved to be unsuccessful.

9. **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit.

All parties agree to jurisdiction by a magistrate judge of this court: NO.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

N/A

10. Other Matters

Defendants propose the dismissal of some parties for the sake of judicial economy. However, at this point in time, Plaintiffs cannot agree to this request.

11. Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below

Dated: October 31, 2025        Mark E. Seiberling, Esq., Miranda L. Dang, Esq.
                                            ECF Users

Dated: October 31, 2025        John E. Freund, Esq., Sarah Modrick, Esq.
                                            ECF Users

Respectfully submitted,

| KLEINBARD LLC | KING, SPRY, HERMAN, FREUND & FAUL |
|---|---|
| By: */s/* | By: */s/* |
| Mark E. Seiberling, Esq. | John E. Freund, III, Esq. |
| mseiberling@kleinbard.com | I.D. No. 25390 |
| Maranda L. Dang, Esq. | jef@kingspry.com |
| mdang@kleinbard.com | Sarah Modrick, Esq. |
| Three Logan Square | I.D. No. 312348 |
| 1717 Arch Street, 5th Floor | smodrick@kingspry.com |
| Philadelphia, PA 19103 | One West Broad Street |
| Three Logan Square | Bethlehem, PA 18018 |
| 1717 Arch Street, 5th Floor | 610.332.0390 |
| Philadelphia, PA 19103 | Attorneys for Defendants |
| (215) 496-7222 | |
| Attorneys for Plaintiffs | |